OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed for the reasons stated in the opinion of Justice Stewart F. Hancock, Jr., and judgment absolute granted to defendant, without costs, in accordance with the stipulation of the parties. We add only that there is nothing in the language of the insurance policy to limit the exclusion of benefits to only those individuals actually convicted under Vehicle and Traffic Law § 1192. The policy exclusion, which tracks the governing statutory provision (Insurance Law § 5103 [b] [2], formerly § 672 [2] [b]), provides that an insurer may exclude from coverage a person injured “as a result of operating a motor vehicle while in an intoxicated condition” within the meaning of section 1192 of the New York Vehicle and Traffic Law. Plaintiff, who had a blood alcohol content of .276% when tested shortly after the accident, asserts that a conviction under section 1192 is required by the subject exclusionary clause. His position would render the exclusion of coverage for intoxicated drivers inapplicable for those drivers who, by virtue of having blood alcohol content in excess of .10%, have committed a per se violation of Vehicle and Traffic Law § 1192 (2), but who, for one reason or another, have not been charged, prosecuted or convicted under section 1192. Such an anomalous result contravenes the legislative purposes of denying coverage for losses resulting from violations of the law (see, Insurance Law § 5103 [b]) and of keeping premiums low (see generally, Montgomery v Daniels, 38 NY2d 41, 62).
*993 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order affirmed, without costs, and judgment absolute granted to defendant in a memorandum.